*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1084**

Rebecca Lee Treptow,
Respondent,

vs.

Brittany Ann Layland Vacko,
Appellant.

**Filed April 18, 2016
Affirmed; motion denied
Reyes, Judge**

Anoka County District Court
File No. 02CV152827

Rebecca Treptow, Andover, Minnesota (pro se respondent)

Brittany Vacko, Forest Lake, Minnesota (pro se appellant)

Considered and decided by Ross, Presiding Judge; Peterson, Judge; and Reyes, Judge.

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

Pro se appellant challenges the district court's issuance of a harassment restraining order (HRO), arguing that (1) there was insufficient evidence to support the issuance of the HRO; (2) the district court erred in admitting an unsigned criminal complaint into evidence because it was hearsay, and she was not allowed to review it; and (3) the

doctrines of collateral estoppel and res judicata precluded the district court from granting the HRO. Appellant also filed a motion to strike several documents in the addendum of respondent's brief as not properly part of the record on appeal. We affirm the district court's order and deny appellant's motion to strike.

## FACTS

Appellant Brittany Vacko and respondent Rebecca Treptow have a history of filing HRO petitions against each other. Vacko and Treptow are acquaintances, and Treptow's sister had been in an "intimate relationship" with Vacko's husband before he married Vacko. In early 2014, both Vacko and Treptow filed for an HRO against the other. In her petition, Vacko alleged that Treptow stalked her and made harassing phone calls to her. On June 19, 2014, an evidentiary hearing was held on the petitions. At the hearing, Vacko testified that Treptow drove by her residence on several occasions. She also submitted into evidence a "telephone log," purportedly "maintained by Virgin Mobile USA," and testified that one of the phone numbers on the log was associated with Treptow. The district court granted the HRO (2014 HRO) against Treptow.

At the time the 2014 HRO was issued, Treptow was on felony probation for an unrelated matter, and one of the conditions of her probation was "no harassing behaviors." Therefore, the 2014 HRO provided evidence that Treptow violated a condition of her probation. In November 2014, Treptow was arrested for the violation and spent two days in jail.

As a result of the probation violation, the Ramsey County Sheriff's Department investigated the allegations supporting the 2014 HRO. The investigation determined that

2

Vacko provided false information regarding Treptow in her petition for the 2014 HRO; forged the telephone log submitted into evidence; and made several false material statements under oath at the evidentiary hearing, including statements about her address and Treptow's association with a particular telephone number. On April 3 2015, Vacko was charged with perjury and forgery.[1] The probable-cause portion of the April 3, 2015 criminal complaint (complaint) detailed the findings of the Ramsey County Sheriff's Department's investigation.

In June 2015, Treptow filed a petition for an HRO against Vacko on behalf of herself, her three children, and her sister. In her petition, Treptow alleged, among other things, that Vacko obtained the 2014 HRO with the intent of having her arrested for a probation violation. On June 25, 2015, the district court held an evidentiary hearing on the petition, and the parties testified and submitted evidence detailing the events described above. The district court granted the HRO (2015 HRO) with respect to Treptow. But the district court denied the HRO with respect to Treptow's three children and the sister. Vacko appeals the district court's decision to grant the 2015 HRO with respect to Treptow.

In addition, Vacko moves this court to strike several documents in Treptow's appellate addendum as not properly part of the record on appeal. A special-term order of this court deferred consideration of Vacko's motion to this panel.

---

[1] The complaint was subsequently amended to include an additional charge of perjury.

**D E C I S I O N**

**I.      The district court properly exercised its discretion in granting the 2015 HRO.**

Vacko argues that the evidence is insufficient to support the issuance of the 2015 HRO because there were no repeated incidents of harassment and her conduct did not adversely affect Treptow.  We disagree.

We review the district court's issuance of an HRO for an abuse of discretion. *Peterson v. Johnson*, 755 N.W.2d 758, 761 (Minn. App. 2008).  "A district court's findings of fact will not be set aside unless clearly erroneous." *Kush v. Mathison*, 683 N.W.2d 841, 843-44 (Minn. App. 2004) (citing Minn. R. Civ. P. 52.01), *review denied* (Minn. Sept. 29, 2004).  We will reverse the issuance of an HRO if it is not supported by sufficient evidence. *Id.* at 844.

A district court may issue an HRO if, among other requirements, the court finds that there are reasonable grounds to believe that a person has engaged in harassment. Minn. Stat. § 609.748, subd. 5(b)(3) (2014).  The statutory definition of harassment includes "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect . . . on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target."  Minn. Stat. § 609.748, subd. 1(a)(1) (2014).  To obtain an HRO, the petitioner must prove (1) "objectively unreasonable conduct or intent on the part of the harasser" and (2) "an objectively reasonable belief on the part of the person subject to harassing conduct" of a substantial adverse effect on the person's safety, security, or privacy. *Dunham v. Roer*, 708 N.W.2d

4

552, 567 (Minn. App. 2006), *review denied* (Minn. Mar. 28, 2006); *see* Minn. Stat. § 609.748, subd. 1(a)(1).

Here, the district found:

> There are reasonable grounds to believe that [Vacko] has engaged in harassment of [Treptow] . . . by committing the following acts:
>
> . . . .
>
> [Vacko] followed, pursued, or stalked [Treptow] as follows: for the facts set out in the Ramsey [County] felony complaint #2137693-1[2] charging [Vacko] with perjury and forgery relating to [Treptow].
>
> . . . .
>
> [Vacko] filed false information about [Treptow] as part of a Ramsey [County] petition for [an HRO] during June 2014[,] which is part of an ongoing criminal felony prosecution against [Vacko].
>
> . . . .
>
> The harassment has or is intended to have a substantial adverse effect on [Treptow's] safety, security, or privacy.

There is sufficient evidence in the record to support the district court's finding that there are reasonable grounds to believe that Vacko engaged in harassment of Treptow. First, an investigation conducted by the Ramsey County Sheriff's Department found that Vacko provided false information regarding Treptow in her petition for the 2014 HRO, submitted a forged document, and falsely testified under oath at the evidentiary hearing. This evidence supports a finding that Vacko committed "repeated incidents of intrusive or unwanted acts, words, or gestures." Minn. Stat. § 609.748, subd. 1(a)(1). Second, Treptow was arrested and spent time in jail because the allegations supporting the 2014

---

[2] This reference is to the original complaint filed against Vacko. The amended complaint is #2137693-2.

5

HRO constituted a violation of her probation. This evidence supports a finding that the "incidents . . . [had] a substantial adverse effect . . . on [Treptow's] safety, security, [and] privacy." *Id.*

Vacko further argues that "neither [Treptow] nor the district court cited any specific evidence proving that [she] intended to harass [Treptow]" and that "[t]he evidence also does not support a conclusion . . . that [*she*] had 'an objectively reasonable belief'" that there would be a substantial adverse effect on Treptow's safety, security, or privacy. (Emphasis added). These arguments are misguided. First, Treptow had to prove either "objectively unreasonable conduct *or* intent on the part of the harasser." *Dunham*, 708 N.W.2d at 567 (emphasis added). Treptow established Vacko's objectively unreasonable conduct by submitting the complaint alleging that Vacko provided false information in her petition for the 2014 HRO, that Vacko submitted a forged document, and that Vacko testified falsely under oath at the evidentiary hearing. Second, Treptow had to prove that she, not Vacko, had an objectively reasonable belief that Vacko's conduct had a substantial adverse effect on her safety, security, or privacy. *See id*. Treptow testified that she was arrested and spent time in jail because the allegations supporting the 2014 HRO constituted a violation of her probation.

In sum, the district court properly exercised its discretion in granting the 2015 HRO.

**II.    The district court did not admit the unsigned amended criminal complaint into evidence.**

Vacko argues that the district court erred when it admitted the unsigned amended criminal complaint into evidence because it was hearsay and she was not allowed the

6

opportunity to review it. This argument fails because the amended complaint was never admitted into evidence.

At the June 25, 2015 hearing, Treptow provided the district court with both the original and amended complaint. After Vacko testified that she had been "charged with" the original complaint, but that she had not seen the amended complaint, the district court returned the amended complaint to Treptow and reviewed only the original complaint. In its order, the district court cites only to "complaint #2137693-1," the original complaint. Therefore, the district court did not err because the amended complaint was not admitted into evidence and the district court did not rely on it in making its decision.

We note that the amended complaint was included in the record on appeal and that the original complaint was not. As detailed above, the record is clear that the district court relied only on the original complaint in making its decision. Moreover, the only difference between the two complaints is an additional charge of perjury. No new facts were included in the probable-cause portion of the amended complaint.

III. **The doctrines of collateral estoppel and res judicata did not preclude the district court from granting the 2015 HRO.**

Vacko argues that the doctrines of collateral estoppel and res judicata precluded the district court from granting the 2015 HRO. Specifically, she argues that, because Treptow made the same allegations of perjury and forgery at the June 19, 2014 hearing, and because the district court did not find that any harassment occurred after June 19, 2014, these issues could have been litigated at the June 19, 2014 hearing. We disagree.

7

Whether collateral estoppel precludes litigation of an issue is a mixed question of law and fact that we review de novo. *Care Inst., Inc.-Roseville v. Cty. of Ramsey* (*Care Inst.*), 612 N.W.2d 443, 446 (Minn. 2000). For the doctrine of collateral estoppel to be available to be applied, all of the following prongs must be met:

> 1) the issue must be identical to one in a prior adjudication; 2) there was a final judgment on the merits; 3) the estopped party was a party or was in privity with a party to the prior adjudication; and 4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Id.* at 448.

Application of res judicata to preclude a claim is a question of law that we review de novo. *Id.* at 446. For the doctrine of res judicata to be available to apply, all of the following prongs must be met: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter. *Hauschildt v. Beckingham,* 686 N.W.2d 829, 840 (Minn. 2004).

Although the complaint refers to offenses that Vacko committed on or before June 19, 2014, the investigation regarding these offenses did not occur until after Treptow was arrested in November 2014, and Vacko was not formally charged until April 2015. Because it was unknown at the time of the June 19, 2014 hearing that Vacko was committing perjury and forgery, the issue was not "identical to one in a prior adjudication," *Care Inst.*, 612 N.W.2d at 448, and the earlier claim did not involve "the same set of factual circumstances," *Hauschildt*, 686 N.W.2d at 840. Therefore, the

8

doctrines of collateral estoppel and res judicata did not preclude the district court from granting the 2015 HRO.

**IV.    Vacko's motion to strike is denied as moot.**

Vacko moved to strike portions of Treptow's brief as pertaining to matters outside the record on appeal. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases."). Because we do not need to consider or rely on the challenged materials in reaching our decision, the motion is denied as moot. *See Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 233 n.2 (Minn. 2007) (denying motion to strike as moot when court did not rely on challenged materials).

**Affirmed; motion denied.**